UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JRAFTO ANTIO PARKER DAVID
ALEXANDER MUINA,
    Plaintiff,

vs.

THE ST. JOE REAL ESTATE CO.
133 SOUTH WATER SOUND WATER
SOUND FLORIDA 32413, et al.,
    Defendants.

Case No. 1:20-cv-122
Barrett, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff, a resident of Cincinnati, Ohio, brings this pro se action against numerous entities and individuals alleging violations of his rights. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges the following:

CIVIL RIGHTS HUMAN AND COSNTITUTIONAL RIGHTS SEVERE VIOLATIONS, ATTEMPTS TOASSAULT TORTURE ABUSE CUBAN JEW MEDICAL FAMILY AND SO EVEN MURDER THE PLAINTIFF IN THE MONSTROUS CRIMINAL MISEMPLOYMENT OF MICHELLE MICHAEL KUBLER TRUCK, EMPLOYING A TRUCK VEHICLE CONCEAL TO SO MURDER ASSAULT WITH THE SAME CONCEAL THEIR MONSTROUS CRIMINAL ANTISEMTIC BIO OR HIPNO DRIVING MURDERING CONCEAL TECKS, LITERARY LITERARY MASSACRES OF PLAINTIFF ALREADY SO MURDER BUTCHER MARTYR RELATIVES "KATHY THE JEW, BROTHER WILLY, OTHERS"

\*
\*
\*

1. THAT ON 9 26 19 AT ABOUT 5.10 IN THE AFTER NOON HE PETITIONER WAS PROCEEDING FROM GOVERMENT SQUARE TO THE EPISCOPALIAN CHURCH TO LIGHT A CANDLES FOR HIS DAD BIRTHDAY DR ANTONIO NILO DELA CARIDA MUINA N HAS AN ACCENT.
2. THAT WHILE STANDING ON THER CORNER READY TO CROSS HE SAW THE FACE AND EYES EXPRERSSION OF THE ASSAILANT" MICHAELKUEBLER" THAT YOU COULD CLEARLY SEE THAT HE WAS PROCEEDING FULL BAD INTENTIONS AND WAS USISNG HIS MOTOR VEHICLE A TRUCK LICENSE 8739HJ KENTUCKY PLATES (ACCIDENT REPEORT(195013284) TO ATTEMPT TO INPACT FATAL BODILY INJURIES UPON THE UNDERSIGN AFFIANT PETITIONER THRU THE MALICIOUS MISUSE OF SAID TRUCK EXCESSIVE SPEED TO SO INSURE, IN SUCH MONSTROUS CONSPIRACY WITH REMAINING KKK BVOSSCO NEILS RESPONDENTS TO SO GRAVELY MORATALY INJURE ANTISEMTIC BANK SO ABUSE.

3

3. THATHE ASSAILANT TURN HIS WHEEL RIGHT AT THE PETITIONER SPEED UP AND WITHOUT NEED TURN HIS WHEEL RIGHT AT HIMS MAILICOUSLY WITH TOTAL ANTISEMTIC DISRESPECT AND WITH ALL INTENTION OF SO INJURING PETITIONER BY THE ASSAILANT THAT DID NOT EVEN ATTEMPT TO SLOW DOWN, OR ATTEMPTED TO TURN THE OTHER WAYS AS SUCH HE INTENTIONALY HIT THE PETITIONER AND WENT ON TO LIKE STRIKE THREE PARK VEHICLE IN HIS ATTEMPTS TO SO MONTRSOUSLY MURDER INJURE ABUSE AND FATALY INJURED PETITIONER, EVEN PROCEEDED TO SPEED UP HIS VEHICLE TO DEADLY SPEED AREA, SO CLEARLY REVEALS BY THE CONCEAL TAKEN FILMS OF SAID ACCIDENTS.

4. PETITIONER SAW THE FACE OF ASSAILANT AND IMMEDIATEDLY MOVE TO CUT THE RAIDIUS OF HIS ABILITY TO SO STRIKER HIM NEVERTHELESS THE TRUCK DID SO STRIKE THE PETITIONER INJURING HIS BACK ANKLE KNEES AND SHOULDER AND WHEN PETITIONER REALIZING THE DANGER HE WAS IN AND THREW HIMSELH IMMEDIQATEDLY BACKEWARD AWAY FOR THE TRUCK.

5. THAT HE IMNMEDIATEDLY INFORM NED THE INVESTIGATING POLICE OFFICER THAT SAID ASSAILANT HAS PRPERTRTEAD SUCH ATTROCIOUS ACTS MALICOUSLY WITH I NTENT TO COMMIT AND CAUSE GREAT BODIDILY INJURY.

6. PETITIONER HAD BEEN SO THREATEN THAT IF HE CONTINUE TO PURSUIT EXPOSING THE MONSTROUS KKKBRIGG MONSTROUS KKKLISTERSS OVICH DEFENDANTS HIGH TREASON CONCEAL HIPNO PROGRAMNING PLAN TO SO ANTISEMTIC HIPNO ABUSE TO SO *ANTISEMITIC* BRIGGT GENERATE ROBOT KILLERS AS NATHANILE ROWLAN KKKDUCKSS BRAGG MURDER CONCEAL THE P4RODE OF DIXIE GESTAPO WHITE SUPREMACIST BRIGG CONCEAL RICE REDNECKS RERDLINERS REVENGE BY THE ST JOPE CO BACKED NAZIS GERMANS MISSISSIPPI'S KKKFLOIDSS MICHELLE LISTERSS HESS ROBOT BRIGG CONCEAL SUCH TECHNOLOGY ATTROCITIES, MONSTROUS HIPNO ANTISEMTIC MOCK BRIGG KILLA JEW LIGHTS KILL HIPNO MURDER SAMANTHA JOSEPHSON, PLAINTIFF HIS DECEASED WIFE,KATHYTHE JEWBROTHER, WILLY EXPOSING THE KKK MONSTROUS LIKE HIPNO BRIGG MOCKING MURDER OF JASONH EVERS CONCEASL THE KKK LISTERSSOVICH MONSTROUS KKKREDNECCKS BVOSSCO MURDER OF MEDGAR EVERS LIKE MURDER PLAINTIFF DAD DR ANTONIONILO DELACARIDA MUINA MADRUGAS CLINIC LIGHTS OF H02W TO MEDICALU PROPERLY TREAT MINORITIES BY PL DAD,LIKE MOTHER SO KKK ED BALLANTISEMTIC PRO MENGELS SO LIKE BIO MURDER ABUSE BY THE RESPONDENTS CONSPIRACY TO SO THREATEN TO SO HIPNO CONCEAL TECKS SO ABUSE BY THE RESPONDENT AND KKK BILL BULL BASSWOOD ST JOE BVOSSCO OWN DRIVEN BILLSS MAHMOOD CLINTONS SO CONTINUE SO THREATENING AND EVEN ASSULTING THE VICITM, TO SO ABUSE AT THE HAND OF SUCH MONSTROUS KKK BIO MURDERING AXIS

4

ANTISEMTIC BRAGGING," LEE DAVIS LISTERSS KKK OHIO JIM KKKNEILS PROTECTED ANIMALS" THAT HE WOULD BE SO ASSAULTED MURDER ABUSE,2 WEEK PRIOR TO THE ACCIDENT BY TWO KKK ST JOE CO THOMAS HOYER CONCEALED 6 BULLETS ASSAILANTS SOUTH BVOSSCO NEILSS SCHNURR BRIGG GOONS STATING THAT THEY WERE PHYSICALV ASSAULTING PETITIONER THAT NIGHT AS A MESSAGE FROM SAID KKK FLOIDSS MICHAEL LISTER HESS ROMMEL ST JOE PASPER CO BAY MEMORIAL AXIS BVOSSCO KKK REDLINERS SOUTH WILLAIM STAFFORD PROTECTED BIO MURDERING PLAN BRAGG MAHMOOD DEBBIE LOWE CONCEAL KKK GRANDRAGONESS UGLIEST KKKDEBBIEODIE ALL LISTERSSOVICH ODIE LOWE ANIMALS, SOUTH BOSSCO KKK FLOIID LISTERSS, MICHAEL LISTERSS, THOMAS HOVER, MARI REED, TENN SMIRNA BILL BRAGG KKK, FLA KKK, OHIO KKK, THE PIKE COUTY BVOSSCO MOCK REED, GG, SS KKK, ST JOE REAL ESTATE CO OF 133 SOUTH WATER BRAGG KKK SOUND WATER SOUND FLORIDA 32 413,KKKBRAGG CONCEALWILLIAM STAFFROD MONSTROUS ANTISEMITIC ANTI CUBAN, ANTI *BLACKS* PROTECTING RED LINER, REDNECKS GINA HASPEL DUCKLSS LEECHES ATIROCITIES BY SUCH ASSAILANT, MONSTROUS CONCEALING BIOMURDERING B ASSSWOOD KKK LISTERSS ET ALL. . . .

(Doc. 1-1 at PAGEID#: 3-6). The complaint continues in a similar vein. As relief, plaintiff requests "immediate criminal charges" against all defendants, forensic testing, declaratory judgment, and monetary relief. (Doc. 1-1 at PAGEID#: 7-8).

Plaintiff's pro se complaint is rambling, difficult to decipher, and virtually incomprehensible. Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. Plaintiff's allegations generally amount to legal conclusions that in themselves are insufficient to give the defendants or the Court notice of the factual basis for plaintiff's claims. *Twombly*, 550 U.S. at 555. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 2/19/20

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JRAFTO ANTIO PARKER DAVID
ALEXANDER MUINA,
    Plaintiff,

vs.

THE ST. JOE REAL ESTATE CO.
133 SOUTH WATER SOUND WATER
SOUND FLORIDA 32413, et al.,
    Defendants.

Case No. 1:20-cv-122
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).